# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| TRAVIS EARL CASTEEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 19-1236-JDT-cgc |
| ) | |
| JOHNNY ALEXANDER, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On October 7, 2019, Plaintiff Travis Earl Casteel, who is incarcerated at the Hardin County Correctional Facility (HCCF) in Savannah, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on October 9, 2019, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Hardin County Sheriff Johnny Alexander, HCCF Administrator Tracy White, Nurse Amanda Moore, and Nurse Practitioner Nathan Kersey.

Casteel alleges that he has seen the nurse for medical treatment at the HCCF only once in three months. (ECF No. 1 at PageID 3.) He asserts that Sheriff Alexander "should know the well b[e]ing or medical conditions of the (HCCF) inmates." (*Id.*) Casteel also alleges that Administrator White is aware of Casteel's medical conditions but has had "no

possible involvement" except to tell Casteel not to threaten the medical staff. (*Id.* at PageID 3-4.) He further alleges that Nurse Moore saw him for his lone nurse visit, though he has "sent her sick call after sick call" about his medical conditions. (*Id.* at PageID 4.) He asserts that Moore knows about his medical conditions "but will not relate to" them. (*Id.*) Casteel also alleges that Nurse Practitioner Kersey sent him home for his medical condition on October 5, 2018, but will not examine him further to determine if he "should still be out for my medical condition, so I can get it took care of." (*Id.*) Casteel alleges that HCCF will not pay for his medical bills, even though his medical issue stems from an incident that he does not describe but alleges occurred at HCCF on July 18, 2019. (*Id.*)

Casteel in passing also alleges that the HCCF is "pushing a relig[ion] on me I do not bel[ie]ve in," does not provide newspapers or television access, and has no law library. (*Id.*) He alleges that HCCF does not provide razors for shaving and provides only clippers for use by all inmates even though, he alleges, "Hep[atitis] C is being passed around." (*Id.*)

Casteel seeks payment of his medical bills, monetary damages, and payment of dental work "that they do not do at the (HCCF) for state inma[tes]." (*Id.* at PageID 5.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Casteel filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To the extent Casteel seeks to sue the Defendants in their official capacities, his claims are treated as claims against their employer, the HCCF, and in turn as claims against Hardin County. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Hardin County may be held liable *only* if Casteel's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S.

112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Casteel does not allege that he has been denied medical treatment or otherwise deprived of a right because of a Hardin County policy or custom. He instead seeks relief based on the actions of each individual Defendant and general claims about the HCCF. Casteel does not state a claim against Hardin County or against any Defendant in his or her official capacity.

Casteel's primary claim is that he has been denied adequate medical treatment at the HCCF. The Court reviews claims regarding the denial of medical care under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106.

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298. The objective component of an Eighth Amendment claim based on a lack of medical care requires that a prisoner have a serious medical need. *Blackmore*

v. *Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897; *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards that risk. *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not amount to cruel and unusual punishment. *Id.* at 838.

Casteel does not describe the medical conditions from which he allegedly suffers or indicate their severity. Throughout his complaint, he refers only to his "medical conditions" and alleges that he sent sick-call request forms to be seen. He also alleges that Defendant Kersey "sent [him] home" over a year ago because of his condition. However,

he does not allege whether that is the same condition from which he currently suffers or if his condition has changed or worsened since then. Because the Court cannot determine from the allegations in the complaint whether Casteel suffers from a serious medical need, the Court cannot conclude that Casteel states an Eighth Amendment claim as currently alleged.

Casteel also does not state a claim regarding his medical bills. A prisoner does have a protected property interest in his money. *See Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997). But the Sixth Circuit has held that charging prisoners a fee for medical care does not offend the Constitution. *White v. Corr. Med. Servs. Inc.*, 94 F. App'x 262, 264 (6th Cir. 2004) (citing *Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997)). Casteel does not state a claim under § 1983 about the HCCF's refusal to pay his medical bills.

Casteel also alleges, without any elaboration, that the HCCF is "pushing a relig[ion] on me I do not bel[ie]ve in," "no news paper's TV [sic]," "no law library," "no razors just clippers," and "Hep C is being passed around." Although some of these assertions could suggest a basis for an entitlement to relief, Casteel's allegations are simply too barebones to state a claim for relief. He does not allege who, if anyone, is responsible for the alleged deprivation of his rights, that he personally was deprived of these items or services, or that he suffered any remediable injury from any of his complaints. Unless Casteel personally suffered an actual injury from any of these alleged deprivations, he does not have standing to pursue these claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001). Casteel's "bald allegations"

7

are insufficient to state a claim against any Defendant for violation of his rights. *See Iqbal*, 556 U.S. at 681.

For the above reasons, Casteel's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Casteel should be given an opportunity to amend his complaint.

In conclusion, Casteel's complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one (21) days after the date of this order, on or before **December 27, 2019**.

Casteel is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the

amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Casteel fails to file an amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE